1

2            **IN THE UNITED STATES DISTRICT COURT**

3            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4    ROMEO EZIKE,

5            Plaintiff,                           No. C 08-1867 SBA

6    v.                                           **ORDER**

7    LAKSHMI MITTAL et al.,                       [Docket Nos. 28, 38, 41, 46]

8            Defendants.
     _____/

9

10          Before the Court are the following motions: (1) Defendant Hoffman Enclosures, Inc.'s

11   ("Hoffman") Motion to Dismiss [Docket No. 28]; (2) Defendant National Railroad Passenger

12   Corporation d/b/a Amtrak's ("Amtrak") Motion to Dismiss [Docket No. 38];and (3) Defendant City

13   of Chicago's ("City") Motion to Dismiss [Docket No. 46]. In addition, Amtrak has filed a Request

14   for Judicial Notice [Docket No. 41]. Having considered the motions, briefs, affidavits and exhibits,

15   and for the reasons given below, the Court GRANTS the motions to dismiss.

16                                    **BACKGROUND**

17          Romeo Ezike brings this action against 18 defendants, only three (3) of whom have been

18   served: the City of Chicago, Amtrak and Hoffman Enclosures. Ezike filed the Complaint

19   ("Compl.") in this Court on April 4, 2008 and alleges both federal question and diversity

20   jurisdiction. The citizenship of the City of Chicago is Illinois. The citizenship of Hoffman

21   Enclosures is Minnesota. Amtrak does not allege its citizenship. Nor does the plaintiff, although he

22   lists a San Francisco, California post office box as his filing address for the purposes of this action.

23          **B.      The Claims**

24          (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq.

25   ("RICO");

26          (2) 42 U.S.C. § 1983, for violations of Fourth, Sixth, Eighth, and Fourteenth Amendments

27   ("Section 1983");

28          (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII");

*United States District Court*
*For the Northern District of California*

1    (4) 18 U.S.C. § 1505, Obstruction of proceedings before departments, agencies, and

2  committees;

3    (5)  18 U.S.C. § 1512, Tampering with a witness victim or an informant;

4    (6)  18 U.S.C. § 1513, Retaliating against a witness, victim or an informant; and

5    (7) damages pursuant to California Penal Code Section 836, which governs arrests by a

6  peace officer without a warrant.

7   Compl. ¶¶ 2, 7, 9-10.

8    **C.    The Charging Allegations**

9    The plaintiff alleges that in 2005 he was arrested by Amtrak police at Union Station in

10 Chicago, Illinois for failing to register as a sex offender in that state.  Compl. ¶ 41.  Amtrak submits

11 documents that attest to the following facts: after the arrest, the plaintiff was incarcerated in the

12 Cook County Jail in Chicago and prosecuted by the Cook County District Attorney in the Cook

13 County Court.  He was deemed unfit to stand trial and remanded to a psychiatric hospital in Illinois.

14 He was released in January 2008 and appears to have relocated to California on or about April 2008.

15    The City of Chicago is alleged to be "part of an enterprise to obstruct and retaliate in a

16 judicial proceeding."  Compl. ¶ 12.  In addition, the City allegedly violated Title VII and violated his

17 Fourth and Fourteenth Amendment rights.  Compl. ¶¶ 9-12.

18    Hoffman Enclosures allegedly "retaliated against him for engaging in protected activity in a

19 judicial proceeding."  It appears that Ezike may have been employed by Hoffman Enclosures at one

20 time.  He alleges that he "landed at Hoffman Enclosures, a Corporation owned by Lakshmi Mittal

21 and unionized by the [T]eamsters Union."  In addition to a RICO claim, Ezike alleges Hoffman

22 Enclosures violated 18 U.S.C. §§ 1505, 1512 and 1513.  These are criminal provisions that relate to

23 "obstruction of proceedings before departments, agencies and committees," "tampering with a

24 witness victim or an informant" and "retaliating against a witness, victim or an informant."  Compl.

25 ¶¶ 7.

26

27

28                              2

**D.        Prior Litigation**

The allegations against Amtrak appear to be identical to those he asserted against Amtrak in the Northern District of Illinois.  *See* 07-1972-RC, (N.D. Ill.), Request for Judicial Notice, Exs. E, G-I.  In April 2007, the plaintiff filed a complaint against Amtrak, the Elgin Mental Health Center and the Cook County jail, alleging claims of false arrest, conspiracy, false imprisonment, fraud, civil rights violations and RICO violations.  The factual basis for the claims was the 2005 arrest by Amtrak police at Union Station.  The Illinois court denied his request to transfer venue to the Northern District of California, and subsequently dismissed the action with prejudice in April 2008.

In the instant case, Ezike has sued 3 of the 4 defendants from the 2007 Illinois action – Amtrak, Cook County Jail and the Elgin Mental Health Center.  He has added the City of Chicago and Hoffman Enclosures, both served in this action, and the following: former employer DHL, Indian billionaire industrialist Lakshmi Mittal, the arresting Amtrak Officer, Cook County Criminal Court Judge Wadas, the United States District Court for the Northern District of Illinois, the Illinois public defender and prosecutor, several nurses at the Elgin Mental Health Center, and the Teamsters union.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997).  The complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).

In adjudicating a motion to dismiss, the court need not accept as true unreasonable inferences

or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), cert. denied, 454 U.S. 1031 (1981).  Nor is the court "required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

The Court may properly consider matters of which it may properly take judicial notice without converting the motion to dismiss to one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (records and reports of administrative bodies); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (court records).

## ANALYSIS

**A.     Request for Judicial Notice**

Federal Rule of Evidence 201 provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FRE 201(b).

The exhibits Amtrak proffers are judicial records, taken from the docket of the district court of the Northern District of Illinois through Pacer. When judicial records evidence a judicial action such as dismissing an action, granting a motion, or finding a fact, they are a source of reasonably indisputable accuracy, and thus appropriate for judicial notice.  *See Selkridge v. United of Omaha Life Ins.Co.*, 360 F.3d 155, 162 n. 8, 164 n. 15 (3rd Cir. 2004) (noticing judge's recusal orders and subsequent judicial opinions discussing judge's recusal from certain cases); *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 100 (2nd Cir. 2003) (noticing transfer and dismissal of another case against same defendant); *Gary Alan Green & Broadway Sound v. Jackson*, 36 Fed.Appx. 663, 669 (2nd Cir. 2002) (in civil rights action, noticing state court actions in prosecution of plaintiff); *Green v. Nottingham*, 90 F.3d 415, 418 (10th cir. 1996) (dismissal of claims as malicious or frivolous); *Colonial Leasing v. Logistics Control, G.I.*, 1985, 762 F.2d 454, 459 (5th Cir. 1985) (state court records are a source whose accuracy cannot reasonably be questioned where the fact to be noticed is the judicial act

recorded in them).

The best-known example of the use of judicial records in ruling on a claim is when the present case is barred or controlled by res judicata. *Safeco Insurance Co. v. Tholen*, 117 Cal.App.3d 685 (1981). Defendant Amtrak raises a res judicata in its motion. For these reasons, Amtrak's request for judicial notice is GRANTED.

**B.    RICO Claims**

A civil RICO claim has distinct requirements. A plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(c) (defining RICO violation); *Sigmond v. Brown*, 828 F.2d 8, 8 (9th Cir. 1987).

Plaintiffs' RICO allegations appear to rely on three predicate acts: obstruction of justice (18 U.S.C. § 1503); tampering with a witness (18 U.S.C. § 1512); and retaliating against a witness, victim or informant (18 U.S.C. § 1513).

Nowhere in the Complaint does the plaintiff make any factual allegations that state a single element of a  RICO claim against any of the defendants. Although Plaintiff refers to each defendant as an "enterprise," he does not allege conduct attributable to any defendant which could be described as "a pattern of racketeering activity." Nor does he have standing to assert independent violations of provisions of Title 18 of the United States Code. *See* below.

Mr. Ezike provides the following background: sometime in the unspecified past, he was "probing a syndicate from New York City in the illegal dumping of toxic waste in his native Liberia," and  believes he became a target of the Teamsters Union "for harassments that would lead into several set-ups." Compl. ¶ 41(A).

**1.    Hoffman Enclosures**

The first of these "set-ups" by the Teamsters resulted in his being arrested for sexual assault in Alameda County, California. The second "set-up" involved Hoffman Enclosures. He vaguely states that in 2000, "as a result of set-ups he landed at Hoffman Enclosures, Inc., a Corporation owned by Lakshmi Mittal and unionized by the [T]eamsters Union. During that period he was a

5

United States District Court
For the Northern District of California

target of additional harassments both from the union and people working for Mittal, because the plaintiff had discovered the violation of federal laws and because he got involved in labor issues at the corporation. Compl. ¶ 41(B). It was allegedly in the process of grieving with the EEOC that violations of 18 U.S.C. §§ 1503 and 1512 occurred. First, Ezike never actually states that he was employed by Hoffman Enclosures. Second, if he filed a complaint with the EEOC, he does not state when or for what reason. Third, Ezike makes a conclusory allegation that Hoffman Enclosures violated criminal statutes without providing the barest factual basis for any of those violations. For example, there is no factual support for the allegation that Hoffman Enclosures' obstructed Ezike's access to the EEOC, nor that it tampered with witnesses during the grievance process. The plaintiff alleges he received a right to sue letter from the EEOC in 2001, but was "chased and terrorized to prevent him from suing." The complaint does not tell who tried to prevent him from suing, thus it cannot be concluded that Hoffman Enclosures was responsible for that or any other of the alleged events.

**2.      Amtrak**

No "set-up" is explicitly alleged against Amtrak. However, Ezike vaguely refers to having to sue Amtrak in 2007 "for relief to recover his damages to his business and property." The Complaint is devoid of allegations that connect Amtrak to the predicate racketeering activities.

**3.      City of Chicago**

The only allegation in the Complaint directed at the City of Chicago is that the City, rather than Amtrak, *should have been* the law enforcement agency responsible for investigating whether Ezike had failed to register as a sex offender as required by Illinois law. In his opposition to the City's motion to dismiss, Ezike argues that he believes that Amtrak is "partly liable for the action of Amtrak police" and also that it failed to train and supervise Amtrak police. [Docket No. 55]. These allegations of acts or omissions are not set forth in the Complaint and should be disregarded for the purposes of the motion. New allegations contained in an opposition to a motion are irrelevant for Rule 12(b)(6) purposes. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir.

**United States District Court**
For the Northern District of California

1998) ("in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss).

Even if the "new facts" were considered for the purpose of the motion to dismiss, the RICO claim against the City would fail because there is no factual connection between the City and any of the predicate racketeering activities of obstruction of justice, witness tampering and retaliation against a witness or informant. *See Howard v. American Online, Inc.*, 208 F.3d 741, 746 (9th Cir.2000) (plaintiff must allege all four elements to assert a valid RICO claim).

For these reasons, Plaintiff's RICO claims against the defendants are dismissed for the failure to state a claim upon which relief can be granted.

**C.     Title VII.**

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, or national origin.  None of the moving defendants is specifically alleged to be the plaintiff's employer and there are no operative facts in the Complaint that state a legally cognizable employment discrimination claim.  Not only is there no employment relationship mentioned, the plaintiff fails to state he belongs to a protected class, or that he suffered any sort of adverse employment action.  He suggests that he engaged in protected activity by filing a grievance with the EEOC and the Minnesota Human Rights Commission (Compl. ¶ 41(D)), but he fails to state that the grievance had anything to do with an employer's actions against him.

Finally, if the alleged discrimination occurred in 2000 (Compl. ¶ 41(C)), and if all other elements of the claim were plead, the claim would be barred by the statute of limitations, which in Illinois, is 2 years.  735 ILCS Act 5, Article 13, Section 202.

Insofar as Title VII claims are alleged against the moving defendants, they are dismissed for their failure to state a claim upon which relief can be granted.

**D.      Section 1983 constitutional violations**.

Section 1983 of Title 42 of the United States Code provides a civil cause of action for an

7

individual who is deprived of constitutional rights by a person acting under color of law. The plaintiff alleges he was wrongfully arrested by former Amtrak officer Brian Nolan. This event arguably forms the basis for a deprivation of his Fourth amendment rights. However, as Amtrak correctly recognizes, although the Complaint contains a section relating to defendant Nolan, it does not allege that Amtrak is liable for Nolan's conduct. Compl. ¶¶ 21-27. As such, the complaint fails to state a claim upon which relief can be granted against Amtrak.

**E.      Non-RICO claims.**

Ezike makes general and conclusory allegations that Hoffman Enclosures and former Amtrak officer Nolan violated 18 U.S.C. §§ 1505, 1512, 1513. As a general rule, "civil causes of action do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 403 (S.D.Cal.1997). This applies to Sections 1505, 1512 and 1513. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997). There is a private action for obstruction of justice under RICO, but the obstruction claim survives only if a valid RICO claim has been stated. *Baker v. Schwarzenegger*, 2008 WL 5068937, 8 (S.D.Cal.2008). Because the plaintiff's RICO claims against the moving defendants are dismissed for the failure to state a claim, his non-RICO criminal claims are also dismissed because they are precluded by law.

**F.      Res Judicata bars Plaintiff's Claims against Amtrak**

The defense of res judicata can be raised by a Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice." *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992).

A party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. *Blonder-Tongue Laboratories v. University of Ill. Found.*, 402 U.S. 313, 324 (1971). "Under the doctrine of claim preclusion, a judgment on the merits precludes the same parties from re-litigating issues in a subsequent action that were, or could have been, raised in the prior action." *Faust v. United States*, 101 F.3d 675, 677 (Fed.Cir.1996); citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

8

The Court should bar as res judicata claims in a suit that could have been raised in an earlier action, "so long as opposing parties had an adequate opportunity to litigate disputed issues of fact." *Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 485 n.26 (1982).

"Claim preclusion prevents parties from litigating issues that could have been raised in a prior action." *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir.2005) citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "This form of res judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.* "Unlike issue preclusion, which only bars matters actually litigated in a prior proceeding, claim preclusion forecloses matters that, although never litigated or even raised, could have been advanced in an earlier suit." *Id.* at note 8.

All the elements of res judicata are met by the prior federal court action against Amtrak. First, the Illinois district court was an appropriate and competent forum for Ezike's federal claims against a defendant who resided in the judicial district.  Second, the Illinois district entered judgment on April 24, 2008, and indicated in the docket entry that "this cause of action is dismissed in its entirety" and "there being no just reason for delay, this is a final and appealable order.**"** [Docket 41, Ex. D].

Finally, the RICO cause of action against Amtrak has already been litigated. Plaintiff's prior federal lawsuit against Amtrak was based on his arrest by the Amtrak police and it, like the instant lawsuit, alleges that his rights were violated under RICO.   The two lawsuits against Amtrak are based on the identical occurrence.  There is no question that the plaintiff has had an opportunity to litigate each of his causes of action against Amtrak and failed.  Plaintiff's claims against Amtrak that are based on the operative facts of his arrest at Union Station in Chicago, Illinois, are barred by the doctrine of res judicata and therefore dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### CONCLUSION

For the foregoing reasons, the Court GRANTS Amtrak's Request for Judicial Notice and the following motions: (1) Hoffman's Motion to Dismiss; (2) Amtrak's Motion to Dismiss; and (3) the City of Chicago's  Motion to Dismiss.  Plaintiff is ordered to complete proper service on the remaining defendants within fourteen (14) day of the date of this Order or the Complaint will be dismissed in its entirety for the failure to prosecute.

IT IS SO ORDERED.

Dated: 2/27/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

10

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EZIKE et al,                                    Case Number: CV08-01867 SBA

       Plaintiff,                          **CERTIFICATE OF SERVICE**

  v.

MITTAL et al,

       Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Romeo Ezike
P.O. Box 425126
San Francisco, CA 94142

Dated: February 27, 2009

                            Richard W. Wieking, Clerk
                            By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California

11