**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROMEO EZIKE, ) | Case No. 4:08-cv-01867-SBA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | **GRANTING ILLINOIS STATE** |
| v. ) | **DEFENDANTS' MOTION TO** |
| ) | **DISMISS FOR LACK OF** |
| LAKSHMI MITTAL, et al., ) | **PERSONAL JURISDICTION** |
| ) | |
| Defendants. ) | Date:        June 23, 2009 |
| ) | Time:       1:00 p.m. |
| _____) | Courtroom:   3 |

This matter came before the Court pursuant to the Illinois State Defendants' Motion to Dismiss.  The parties appeared in person or by counsel.  Based upon all the files, records and proceedings herein:

IT IS HEREBY ORDERED:

1. That the Illinois State Defendants' Motion to Dismiss is, in all respects, GRANTED.

2. That this matter be dismissed with prejudice against Plaintiff and in favor of defendants Elgin Mental Health Center, Julie Shopnitz, Anthony Nidea, Romulo Nazareno, Hargurmukh Singh, and Elizabeth Siazon.

BASIS FOR DECISION

Plaintiff Romeo Ezike has filed a lawsuit against a number of government and quasi-government entities, commercial businesses, organized labor, and individuals, including Elgin Mental Health Center, a mental health facility operated by the Illinois Department of Human Services, and individual defendants Shopnitz, Nidea, Nazareno, Singh, and Siazon, who are employed by the State of Illinois and work at

the Elgin facility. With respect to the Elgin Mental Health Center and its employees, Plaintiff alleges that he was "tortured." Plaintiff does not provide any factual allegations with respect to Elgin Mental Health Center or to any of the individual defendants who worked at the Elgin facility (collectively "the Illinois State Defendants"). Instead, the allegations against the Illinois State Defendants are merely a list of conclusory statements asserting that Defendants violated Plaintiffs' rights under various amendment to the U.S. Constitution, intentionally inflicted emotional distress upon him, defamed his character, "engaged in prohibited activities to obstruct and retaliate against Plaintiff for engaging in a judicial proceeding", and violated various provision of Title 18 of the U.S. Code relating to obstruction of justice, racketeering, and torture.

Because Plaintiff's allegations are vague, conclusory, and lacking in factual support and because neither the Elgin Mental Health Center nor any of the other Illinois State Defendants who work there are alleged to have any presence in California, or are otherwise subject to nationwide jurisdiction under the anti-racketeering provisions of Title 18 U.S.C. Chapter 96, or the obstruction-of-justice provisions of 18 U.S.C. Chapter 73, the Court grants the Illinois State Defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987).

BY THE COURT

Dated: 6/10/09

*[signature: Saundra B. Armstrong]*

Hon. Saundra B. Armstrong
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EZIKE et al,

        Plaintiff,

  v.

MITTAL et al,

        Defendant.

/

                              Case Number: CV08-01867 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Romeo Ezike
P.O. Box 425126
San Francisco, CA 94142

Dated: June 15, 2009

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk